IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN M. LEDESMA AND <br> CYNTHIA B. LEDESMA <br> *Plaintiff,* <br> <br> VS. <br> <br> STATE FARM LLOYDS AND <br> RICARDO ALVARADO <br> *Defendants,* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CIVIL ACTION NO. **5:17-cv-41** <br> <br> <br> <br> **JURY DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants State Farm Lloyds (hereinafter "State Farm") and Ricardo Alvarado (hereinafter "Alvarado") file this Notice of Removal to remove from the 341st Judicial District Court of Webb County, Texas to this Court a suit styled *Juan M. Ledesma and Cynthia B. Ledesma v. State Farm Lloyds and Ricardo Alvarado* and docketed under Cause No. 2017CVF000133 D3 (hereinafter referred to as the "State Court Action").

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### TIMELINESS OF NOTICE OF REMOVAL

3. This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after Defendant State Farm Lloyds was served with Plaintiffs' Original Petition; therefore, Defendants are entitled to remove the case. Plaintiffs' original state court petition

1

naming State Farm and Alvarado as Defendants was filed on January 20, 2017. Defendant State Farm was served on February 1, 2017.

4. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit B.

## NATURE OF PLAINTIFFS' CASE AGAINST DEFENDANTS

5. This suit involves a claim made for property damage arising from a hail/windstorm that allegedly occurred on or about February 23, 2016 at Plaintiffs' residence. State Farm is the insurer for Plaintiffs. Plaintiffs now sue Defendants State Farm and Alvarado, alleging violations of the Texas Insurance Code, fraud and conspiracy to commit, and also sues State Farm for breach of contract and breach of the duty of good faith and fair dealing.[1]

## DIVERSITY JURISDICTION PERMITS REMOVAL

6. Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction.

7. Plaintiffs are citizen of Webb County, Texas, as alleged in their Original Petition.

8. Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[2]

9. Defendant Alvarado is a citizen of Ohio.

---

[1] *See* Plaintiffs' Original Petition attached as Exhibit A-2.
[2] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).

10. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants.

11. The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs.[3] Defendants note that Plaintiffs included in the body of their Original Petition and in a "Binding Stipulation" (signed only by Plaintiffs' counsel, and not by Plaintiffs) attached to their Original Petition that the amount in controversy "will not exceed $75,000."[4] However, contrary to Plaintiffs' attempts to avoid federal court jurisdiction through their attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[5]

12. Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[6] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[7]

13. Texas state court practice does not permit a demand for a specific sum.[8] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[9]

---

[3] 28 U.S.C.A §1332(a).
[4] *See* Exhibit A-2 at ¶ 5 and "Binding Stipulation" attached to same.
[5] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[6] 28 U.S.C. § 1332(a).
[7] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).
[8] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.
[9] *See Id; Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

14. Prior to filing the lawsuit, Plaintiffs made a demand for $33,993.23 including an estimate of damages to counsel in which Plaintiffs claim to have suffered $20,709.45 in damages to their property.[10]

15. In addition to actual damages and attorney's fees, Plaintiffs' original petition requests treble damages under the Texas Insurance Code, 18% interest under the Texas Insurance Code, compensatory damages, and exemplary damages.[11] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[12] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[13] Therefore, the $75,000 amount in controversy federal jurisdictional requirement could easily be met if Plaintiffs are successful in their claim for punitive and treble damages.

## NOTICE SHALL BE PROVIDED

16. Pursuant to 28 U.S.C. §1446(d), Defendants State Farm and Alvarado will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of Removal with the District Clerk of Webb County, Texas, where the State Court Action was previously pending.

## JURY DEMANDED BY PLAINTIFF

17. Plaintiffs requested a trial by jury in the State Court Action.

---

[10] *See* Exhibit C – Plaintiffs' Demand and Estimate.
[11] *See* Exhibit A-2 at ¶¶ 92-95.
[12] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[13] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

4

**CONCLUSION**

WHEREFORE, Defendants State Farm and Alvarado hereby request removal of this case, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ Viola G. Garza*
Viola G. Garza
Federal ID No. 19310
State Bar No. 00787518
viola@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

**ATTORNEY-IN-CHARGE FOR DEFENDANTS STATE FARM LLOYDS AND RICARDO ALVARADO**

Of Counsel:
Sarah Pierce Cowen
State Bar No. 15997480
Federal ID No. 7973
sarah@cowengarza.com
Peyton S. Kampas
Federal ID No. 2571336
State Bar No. 24081533
peyton@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the preceding Defendants' Notice of Removal has been filed electronically with the Clerk of the Court and Notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile, to the following CM/ECF participants on this 3rd of March 2017.

***VIA FACSIMILE: (210) 340-9887***
***& VIA E-MAIL:*** *mflores@phippsllp.com*
Marco Dax Flores
Phipps, LLP
102 9th Street
San Antonio, Texas 78215
Tel. (210) 340-9877

                                                           */s/ Viola G. Garza*
                                                           Viola G. Garza